IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERVIN LEE, JR.,
    Plaintiff,

vs.                                      Case No.: 3:16cv107/RV/EMT

ESCAMBIA COUNTY SHERIFF'S
OFFICE, et al.,
    Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff Ervin Lee, Jr. ("Lee"), a non-prisoner proceeding pro se, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Lee also filed a motion to proceed in forma pauperis (ECF No. 2). Lee's supporting financial affidavit demonstrates he qualifies to proceed in forma pauperis; therefore, his motion to so proceed will be granted.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Lee, it is the opinion of the undersigned that dismissal of this action is warranted.

I.     LEE'S ALLEGATIONS

Lee names five Defendants: the Escambia County Sheriff, Deputy Selar Pickett, and three private parties, Gerald Adcox, Matthew Teete, and Mark Teete (ECF No. 1 at 1–3).[1] Lee alleges that in 1998, he was staying at the Mayfair Motel in Pensacola, Florida (*id.* at 5). He alleges the Teetes "lured" him to the motel's office, and when he arrived, Mr. Adcox and another man (Joey Horne) were in the office (*id.*). Lee alleges the men threatened and intimidated him (*id.*). He alleges the men called the Escambia County Sheriff's Office, and Deputy Pickett arrived at the scene (*id.*). Lee alleges Mr. Adcox and the Teetes accused him of planning to leave the motel while he still owed the innkeeper money, but Lee asserts he had paid for the nights he had stayed (*id.*). Lee alleges Adcox and the Teetes also reported that Lee had defrauded them by taking money from them to purchase automobiles (*id.*). Lee alleges Deputy Pickett listened to the allegations and then arrested him without any evidence that he committed fraud (*id.* at 6). Lee acknowledges, however, that the arrest was also based upon an outstanding fugitive warrant that had been issued from the State of Kansas (*id*). Lee alleges he was incarcerated from 1998 until 2010 (*id.*). He alleges during that time, a member of his family attempted to retrieve his personal property from the

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

motel room, but Adcox and the Teetes refused to release it (*id.*). He alleges that upon his release from incarceration, he discovered that all of his "paperwork" and personal property was gone (*id.*). Lee includes an itemized list of his personal property and the approximate value of the items (*id.* at 9).[2]

Lee contends Mr. Adcox and the Teetes were acting as agents of law enforcement when they made statements to Deputy Pickett that caused Lee to be arrested and charged with crimes (ECF No. 1 at 3–7). He also alleges the men are liable for the loss of his property, because they were responsible for securing it upon his arrest and returning it to either him or his family (*id.*).

Lee contends Deputy Pickett should not have arrested him for failing to pay the motel bill, because it was a civil matter, not a criminal offense (ECF No. 1 at 4, 6–7). He contends Deputy Pickett and the Sheriff's Office are also liable for the loss of his property, because Pickett should have taken possession of Lee's personal property and secured it until Lee or his agent could retrieve it (*id.*).

Lee brings claims under § 1983, apparently for false arrest and illegal deprivation of his property in violation of the Fourth, Sixth, and Fourteenth

---

[2] Lee alleges his property included diamond rings, a Rolex watch, coins, gold and diamond necklaces, gold and diamond belt buckles, mink coats, leather coats, a cashmere coat, a London Fog coat, several pairs of Stacy Adams shoes, two pairs of snake skin shoes, and a pair of "gator" shoes (ECF No. 1 at 9).

Case No.: 3:16cv107/RV/EMT

Amendments (ECF No. 1 at 4–7).  As relief, he seeks compensatory damages in the amount of $237,300.00 (the value of his property) (*id.* at 4, 9).

II.   ANALYSIS

Because Lee is proceeding in forma pauperis, the court may dismiss a claim if satisfied that it is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Res judicata makes an earlier judgment "an absolute bar to [a] subsequent action or suit between the same parties."  In re Atlanta Retail, Inc., 456 F.3d 1277, 1285 (11th Cir. 2006) (quotation omitted).  It not only bars matters actually litigated in the earlier action; when it applies, res judicata also bars "every claim which might have been presented" in the earlier action.  *Id.* (quotation omitted).  Res judicata applies when four elements are met:

> (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.

Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

"The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case."  Citibank, N.A. v.

Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990) (quotation marks omitted). In other words, a court "must look at the factual issues to be resolved in [the second lawsuit], and compare them with the issues explored in" the first lawsuit. S.E.L. Maduro v. M/V Antonio de Gastaneta, 833 F.2d 1477, 1482 (11th Cir. 1987). "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action," then the two cases are really the same. Ragsdale, 193 F.3d at 1239.

The court takes judicial notice of a prior lawsuit filed by Lee, case number 3:15cv459/MCR/EMT, in which he litigated the same claims he raises in the instant lawsuit. Indeed, the complaint in case number 3:15cv459/MCR/EMT is identical to the complaint in this case, except Plaintiff re-dated it (*see* ECF No. 1 at 4). See Lee v. Escambia Cnty. Sheriff, No. 3:15cv459/MCR/EMT, Complaint (N.D. Fla. Oct. 19, 2015). Further, the parties are identical in both cases. Therefore, the third and fourth elements of res judicata are satisfied.

Additionally, the decision in the prior case was rendered by a court of competent jurisdiction, and it was a final judgment on the merits. The court dismissed the action with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for Lee's failure to state a claim upon which relief may be granted. *See id.*, Order (N.D. Fla. Dec. 9, 2015). The clerk of court entered judgment stating that the action was dismissed with

prejudice. *See id.*, Judgment (N.D. Fla. Dec. 9, 2015). This constitutes a final judgment on the merits for res judicata purposes. *See* NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) ("unless the court specifies otherwise, dismissal on the grounds that the facts and law show no right to relief operates as an adjudication on the merits" for res judicata purposes); *see also* Hughes v. Lott, 350 F.3d 1157, 1161–62 (11th Cir. 2003) (§ 1915 dismissals with prejudice have a res judicata effect on future in forma pauperis complaints); *see also, e.g.*, Harmon v. Webster, 263 F. App'x 844, 845 (11th Cir. 2008) (unpublished but recognized for persuasive authority) (dismissal of prior complaint for failure to state a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii), constitutes a final judgment on the merits for purposes of res judicata); Harris v. Buss, No. 4:11cv146/RH/GRJ, 2011 WL 5184198, at *5 (N.D. Fla. Sept. 15, 2011) (unpublished), *Report and Recommendation Adopted by* 2011 WL 5166418 (N.D. Fla. Nov. 1, 2011) (dismissal of prior case with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, constitutes a final judgment on the merits for purposes of res judicata). Therefore, the first and second elements of res judicata are satisfied.

In sum, all of the elements of res judicata are satisfied. Therefore, this case should be dismissed as frivolous. *See* Hawley v. Bd. of Regents of the Univ. Sys. of Ga., 203 F. App'x 997, 997 (11th Cir. 2006) (unpublished) (affirming district court's

determination that plaintiff's claims were barred by res judicata and thus properly dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *see also* Salter v. Sec'y Dep't of Corr., No. 3:13cv76/MCR/EMT, 2014 WL 3586536, at *3 (N.D. Fla. July 21, 2014) (unpublished) (dismissing case as barred by res judicata and thus subject to dismissal as frivolous, pursuant to § 1915(e)(2)(B)(i)); McKinney v. Wakulla Cnty. Sheriff Dep't, No. 4:11cv613/WS/WCS, 2012 WL 898613, at *2 (N.D. Fla. Feb. 21, 2012) (unpublished) (dismissing case as barred by res judicata and thus subject to dismissal pursuant to § 1915(e)(2)(B)(i)), *Report and Recommendation Adopted By* 2012 WL 898612 (N.D. Fla. Mar. 15, 2012), *appeal dismissed*, Case No. 12-11659 (11th Cir. Aug. 9, 2012).

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED with prejudice** as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), because it is barred by the doctrine of res judicata.

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 18th day of March 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:16cv107/RV/EMT